**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | | |
|---|---|---|
| MICHAEL SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-090 |
| | ) | |
| FNU GRAY, *et al..*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Gregg County Jail in Longview, Texas, has submitted a 42 U.S.C. § 1983 Complaint alleging "deception and fraud" perpetrated by Georgia residents, somehow involving a "theft of patent service" and $700. *See* doc. 1 at 4.   The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 13, and he returned the necessary forms.   Docs. 15 & 16.   The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[1]

---

[1]     Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a

1

Sampson discloses one other lawsuit in his form Complaint, doc. 1 at 2 (citing *Sampson v. Davidson Inventor Service, et al.*, No. CV619-089 (E.D. Tex. Mar. 14, 2019), which was transferred to the Western District of Pennsylvania). Since he signature-filed this action, that transferred case and another have been dismissed on frivolity grounds. In *Sampson v. Reed*, No. CV619-017, doc. 17 (E.D. Tex. Apr. 19, 2019), Sampson's claims were dismissed with prejudice as "frivolous" and "lack[ing] any basis in law and fact pursuant to 28 U.S.C. § 1915A(b)(1)," because they were *Heck*-barred.[2] And in *Sampson v. FNU Davidson,* No. CV219-430, doc. 17 (W.D. Pa. May 1, 2019), Sampson's nearly identical "patent search"

---

complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

[2] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (prohibiting state prisoners from challenging the validity of outstanding criminal judgments through § 1983).

complaint for $700 was also dismissed without prejudice as frivolous, with leave to amend granted.[3]

Meanwhile, he declined to name any of his *other* federal cases, which have been repeatedly dismissed without prejudice for failure to comply with a court order.   *See Sampson v. Reed*, No. CV615-451 (E.D. Tex. May 3, 2017) (dismissed for failure to keep the court apprised of his address); *Sampson v. Cerliano*, No. CV613-250 (E.D. Tex. Apr. 30, 2013) (same); *Sampson v. Texas*, No. CV617-409 (E.D. Tex. Sept. 27, 2017) (same). Sampson's under-oath (doc. 1 at 5) misrepresentation of his prior cases therefore provides an independent basis for dismissing his Complaint. Whether or not Sampson's failure to fully disclose his prior filings affects the disposition of this case, it is a continuation of his abuse of the federal courts' processes — misleading filings are no less wasteful of the Court's resources than frivolous filings.

---

[3]   Sampson is quickly approaching the PLRA "three strikes" threshold.   While no "magic words" are required to classify a dismissal as a § 1915(g) strike, *see Daker v. Commissioner, Georgia Dept. of Corrs.*, 820 F.3d 1278, 1284 (11th Cir. 2016) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock,* 549 U.S. 199 (2007)), both his patent search and *Heck*-barred cases have been deemed frivolous.   Only one has yet been dismissed with prejudice, however, so the Court will also screen the instant case on the merits so that it might be added to that list.

But Sampson's claims are outstandingly frivolous.  He seeks the return of a $700 fee for a patent search defendants apparently ran on his behalf and the theft of his "intellectual property" — the "world's first truly wireless self-contained, 100% self charging cellphones" (*see* doc. 8-1 at 1; doc. 14).   Sampson does not refer to any correspondence, receipts, emails, or other evidence of a written contract to demonstrate the existence of payment, much less an agreement.   Of course, no patent registration information is provided.   And Sampson alleges nothing indicating how defendants have stolen or infringed upon his intellectual property, aside from his sere accusation that they have so done.    The closest he comes is writing "criminal theft" and "theft by fraud" — which refers to duping him out of his $700 — and "intellectual property theft."   *See* doc. 1 at 3- 4.   The invocation of flashy terminology without more, of course, does not create a cognizable federal cause of action.   Sampson has also provided a sketched diagram of a "35 day elgin wind up wall clock" which requires a winding key that bears no relevance to plaintiff's patentable "self charging cellphones," aside perhaps from his written commentary that it is based on "planetary drive / torque system" and, like a "marine battery," will

"trickle-charge" a cellphone.   Doc. 14.   Put differently, the pleading is fanciful nonsense and does not appear to raise a cognizable federal claim.

The Court, of course, has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts have no power to consider claims over which they lack subject-matter jurisdiction); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (same).   Subject matter jurisdiction to hear a plaintiff's claim must either "arise under" federal law or be established by diversity jurisdiction.   28 U.S.C. §§ 1331 and 1332.   The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.   Sampson's frivolous patent search claim does not even approach a claim "arising under" federal law.   Nor does he invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, which provides that federal district courts maintain original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 *and* is between "citizens of a State and citizens or subjects of a foreign state."   While he and defendants reside in

different states, nothing in Sampson's Complaint (for an alleged $700 patent search) supports the imposition of further damages that could reach the jurisdictional threshold of $75,000.   *See Sampson v. FNU Davidson,* W.D. Pa. No. CV219-430, doc. 17.   The Court, therefore, should **DISMISS** plaintiff's Complaint for lack of subject matter jurisdiction as well.

Plaintiff seeks the appointment of counsel to help him litigate his case, explaining that he is indigent and incarcerated.   Docs. 6 & 12.   In this civil case, however, plaintiff has no constitutional right to the appointment of counsel.   *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320).   Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."   *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819

F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *See, e.g.*, *Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (citing *Smith v. Warden*, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696,

7

702 (11th Cir. 2013); *McDaniels,* 405 F. App'x at 457; *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174).   This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court.   His requests for appointment of counsel (docs. 6 & 12) are **DENIED**.

In sum, plaintiff's Complaint should be **DISMISSED** for lack of subject matter jurisdiction, as frivolous, and independently, as a sanction for his misrepresentation.[4]   His motions to compel (docs. 8 & 11) are **DENIED** as moot and his motions to appoint counsel (docs. 6 & 12) too are **DENIED**.   This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The

---

4   Although the Court sees no apparent basis upon which the deficient claims could be amended, plaintiff's opportunity to object to this R&R within 14 days affords him an opportunity to resuscitate them.   He may submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above.   *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)).   To state a claim, however, plaintiff must be able to both plead the requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   28th   day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA