**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

MICHAEL SAMPSON,

    Plaintiff,

v.

FNU GRAY; BRENDA GRAY; FNU HURB;
and ANDI HURB,

    Defendants.

CIVIL ACTION NO.: 4:19-cv-90

**O R D E R**

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's May 28, 2019 Report and Recommendation, (doc. 18), to which plaintiff has filed Objections and various notices in an attempt to cure the pleading deficiencies identified by the Magistrate Judge (docs. 20 & 22). Given the plain frivolity of plaintiff's Complaint, the Court **ADOPTS** the Report and Recommendation that plaintiff's Complaint be dismissed, *inter alia*, as a sanction for omission of prior litigation history, as legally frivolous, and as lacking in subject matter jurisdiction, as the opinion of the Court.

Thus, the Court **DISMISSES WITH PREJUDICE** plaintiff's Complaint and **DIRECTS** the Clerk of Court to **CLOSE** this case.[1]

**SO ORDERED**, this 2nd day of July, 2019.

*[signature]*

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that, contrary to plaintiff's representations, the virtually-identical action in the Western District of Pennsylvania against different defendants, "suggesting that Plaintiff is attempting to collect his $700 from a variety of Defendants located in various jurisdictions, but relying upon identical allegations," has been recommended for dismissal *with prejudice* for, *inter alia*, legal frivolity and lack of federal jurisdiction. *Sampson v. FNU Davidson, et al.*, No. CV219-430, doc. 32 at 2 (W.D. Penn. June 11, 2019).

Given the obvious frivolity of plaintiff's claims in this Court as well, the Court finds that the action should be dismissed *with prejudice* to refiling and counts this case as a "strike" under the plain language of 28 U.S.C. § 1915(g). That's two strikes; the Court anticipates that the District of Western Pennsylvania action will soon add a third strike. *See Sampson v. Reed*, No. CV619-017, doc. 17 (E.D. Tex. Apr. 19, 2019) (dismissing claims with prejudice as "frivolous" and "lack[ing] any basis in law and fact pursuant to 28 U.S.C. § 1915A(b)(1)"); *Sampson*, No. CV219-430, doc. 32 (recommending "dismiss[al] with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, and for lack of subject matter jurisdiction.").